Darren P.B. Rumack (DR-2642)
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**CARLOS JACOME and CESAR VALLEJO,**

**Plaintiffs**

v.

**MAXIMO TIGSI Individually**
**and PUERTO RICO CAR SERVICE INC. d/b/a**
**NEW PUERTO RICO CAR SERVICE CORPORATION**
**d/b/a PUERTO RICO CAR SERVICE**

**Defendants.**
-------------------------------------------------------------------x

**COMPLAINT**
Index No.

**COLLECTIVE ACTION**
**UNDER 29 USC § 216(b)**

**JURY TRIAL**
**DEMANDED**

1. Plaintiffs Carlos Jacome ("Jacome") and Cesar Vallejo ("Vallejo") (collectively "Plaintiffs"), allege as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiffs, seeks the recovery of unpaid wages and related damages for unpaid minimum wage and overtime hours worked, while employed by Puerto Rico Car Service, Inc. d/b/a New Puerto Rico Car Service Coporation d/b/a Puerto Rico Car Service ("PR Car Service") and Maximo Tigsi ("Tigsi"). Plaintiffs seek these damages under the applicable provisions

of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff Jacome, a resident of New York State, was employed as a dispatcher for Defendant PR Car Service from on or about 2001, until November 2014. Plaintiff was employed by Defendants PR Car Service and Tigsi during the relevant limitations periods.

4. Plaintiff Vallejo, a resident of New York State, was employed as a dispatcher for Defendant PR Car Service from on or about summer 2004, until February 14, 2016. Plaintiff was employed by Defendants PR Car Service and Tigsi during the relevant limitations periods.

5. Defendant PR Car Service is a New York Corporation. Defendant PR Car Service is a car service company located at 1072 Broadway, Brooklyn, NY 11221.

6. PR Car Service's website indicates that it has been in business for 30 years.[1]

7. Upon information and belief, PR Car Service has an annual gross volume of sales in excess of $500,000.00.

8. At all relevant times, PR Car Service has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

9. Upon information and belief, Defendant Tigsi is an owner and operator of PR Car Service.

---

[1] http://www.puertoricocarservice.com/

2

10. Defendant Tigsi is listed as the Chief Executive Officer of PR Car Service on the New York State Department of State Division of Corporations Entity Information.

11. Upon information and belief, Defendant Tigsi exercises control over PR Car Service's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

12. Defendant Tigsi was an employer of Plaintiffs during the relevant time period.

13. All Defendants are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

16. Defendants committed the following alleged acts knowingly, willfully and intentionally.

17. Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiffs would economically injure Plaintiffs and violated state and federal laws.

18. Plaintiffs were employed as dispatchers for Defendants.

19. Plaintiffs' job duties included, but were not limited to: assisting customers' pickup orders, and directing drivers/cars where to go for passenger pickups.

20. Throughout the course of his employment at PR Car Service, Plaintiff Jacome regularly worked six (6) days per week.

21. Plaintiff Jacome regularly worked from 7:00 a.m. through 3:00 p.m.

22. Since 2010, Plaintiff Jacome was paid in cash, at a rate of $15.00 per hour, regardless of the number of hours worked per week.

23. Throughout the course of his employment at PR Car Service, Plaintiff Vallejo regularly worked six (6) days per week.

24. Plaintiff Vallejo regularly worked from 3:00 p.m. through 11:00 p.m., five (5) days per week, and would also work an average of two (2) overnight shifts per week (from 11:00 p.m. through 7:00 a.m.).

25. On the days Plaintiff Vallejo worked the overnight shifts, he worked from 3:00 p.m. through 7:00 a.m.

26. Until July 2012, Plaintiff Vallejo was paid $7.25 per hour in cash, regardless of number of hours worked per week.

27. From July 2012 through the end of his employment, Plaintiff Vallejo was paid $15.00 per hour in cash, regardless of number of hours worked per week.

28. Plaintiffs often worked in excess of forty (40) hours per workweek.

29. Defendants unlawfully failed to pay the Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

30. Defendants did not pay Plaintiffs a spread of hours premium pursuant to New York state law when their workdays lasted ten (10) or more hours.

31. Defendants did not provide Plaintiffs with any written or oral information regarding the New York state or federal minimum wage.

32. Defendant Tigsi hired Plaintiffs.

33. Defendant Tigsi set Plaintiffs' rate of pay and schedules.

34. Defendants failed to provide Plaintiffs with a written notice of their rates of pay and failed to keep proper payroll records as required under New York law.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages

35. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

36. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protect Plaintiffs.

37. Defendants have willfully failed to pay Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

38. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at

trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

39. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

40. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs.

41. Defendants have willfully failed to pay Plaintiffs the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

42. Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

43. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 141-2.4

44. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

45. Plaintiffs regularly had workdays that lasted more than ten (10) hours.

46. Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York State minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

47. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

### FORTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

48. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

49. Defendants failed to make, keep and preserve accurate records with respect to Plaintiffs, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

50. Defendants failed to provide Plaintiffs with a written notice of rate of pay as required by NYLL § 195.

51. Defendants' failure to make, keep and preserve accurate records was willful.

52. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### PRAYER FOR RELIEF

53. WHEREFORE, Plaintiffs pray for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Penalties available under applicable laws;

d. Costs of the action incurred herein, including expert fees;

e. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
       November 1, 2016

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack (DR-2642)  
11 Broadway, Suite 960,  
New York, NY 10004  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiffs.*